Filed 8/29/13  P. v. Wright CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C073090 |
| v. | (Super. Ct. Nos. 10F6248, 10F7073, 11F1297, 11F2428 & 12F6438) |
| ASHLEY MORGAN WRIGHT, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Ashley Morgan Wright asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

1

I

<u>Shasta County Superior Court, Case No. 11F2428</u>

In August 2009, law enforcement responded to Frank Middleton's report of a residential burglary, during which Middleton's credit cards were stolen. Middleton explained that while he was away on vacation, his credit card company notified him that his cards had been used for purchases totaling $500 at four different Safeway locations in the prior 12 hours. Middleton checked where he kept his credit cards and saw that two of his credit cards were missing.

Middleton later learned that defendant used his credit cards to pay her utility bills. After getting defendant's name from an employee for the utility company, law enforcement reviewed surveillance tapes from the Safeway stores where Middleton's cards had been used and identified defendant as the person using the cards. Defendant was charged on April 20, 2011, with unauthorized use of personal identifying information (Pen. Code, § 530.5)[1] and two counts of second degree burglary (§ 459).

<u>Shasta County Superior Court, Case No. 11F1297</u>

On September 4, 2009, defendant's aunt, Cynthia Lamkin, told the police that she sold a vehicle to defendant. Inside the vehicle was a partial booklet of personal checks that belonged to Cynthia's daughter, Katie Lamkin. Defendant used those checks, forging Katie's name, to acquire approximately $813.63.

On March 8, 2011, defendant was charged with the unauthorized use of personal identifying information (§ 530.5), forgery (§ 470, subd. (d)), forgery of a completed check (§ 475, subd. (c)), and receiving stolen property (§ 496).

––––––––––––

[1] Undesignated statutory references are to the Penal Code.

Shasta County Superior Court, Case No. 10F6248

On August 24, 2010, police officers stopped a vehicle in which defendant was the passenger. The officers searched defendant and found OxyContin tablets sealed in cellophane. Defendant was charged on September 14, 2010, with possession of OxyContin for the purpose of sale (Health & Saf. Code, § 11351) and possession of paraphernalia (Health & Saf. Code, § 11364).

Shasta County Superior Court, Case No. 10F7073

On September 26, 2010, Luis Cordova called 9-1-1 to report he had been shot by a man who was with defendant. During later questioning, the victim explained that defendant called him and asked for a ride to a casino. Before getting to the casino, however, defendant asked the victim to drive to "Happy Valley Road." Once there, defendant asked Cordova to park in front of a vacant residence. A person defendant introduced as Justin got into the car and immediately pointed a gun at Cordova. Justin demanded Cordova's money, but Cordova said he had no money. Justin then got out of the car and fired multiple shots at Cordova, striking him in the hip. Another car quickly pulled up, defendant and Justin got inside, and they fled.

Defendant was later arrested and charged in April 2011 with attempted murder (§§ 664/187, subd. (a)), robbery (§ 211), assault with a machine gun/assault weapon (§ 245, subd. (d)(3)), shooting at an occupied vehicle (§ 246), discharging a firearm from a vehicle at a person (former § 12034, subd. (c)), conspiracy (§ 182, subd. (a)(1)), and street terrorism (§ 186.22, subd. (a)). Numerous enhancement allegations were also alleged including gang and firearm enhancements.

November 2011 Plea Agreement Resolving All Pending Criminal Matters

On November 4, 2011, defendant pleaded guilty to robbery, identity theft, second degree burglary, and possession of a controlled substance for sale. The remaining

charges were dismissed with *Harvey*[2] waivers and the People agreed to a maximum sentence of seven years four months. Defendant, however, also entered into a cooperation agreement with the People, whereby she agreed to testify truthfully at an upcoming preliminary hearing and trial "regarding her complete knowledge of the facts and circumstances surrounding the gang-related shooting and conspiracy to rob Luis C[o]rdova." In exchange for her truthful testimony, the People agreed she would be sentenced to felony probation instead of prison. If she did not testify truthfully, defendant would serve the seven years four months in state prison.

Shasta County Superior Court, Case No. 12F6438

On September 5, 2012, defendant was found asleep in the passenger seat of a car. As one of the officers walked towards her, he saw defendant "moving around and trying to hide something either under the dash or under the seat." Wayne Dellacort, who was asleep in the driver's seat, gave the officers permission to search the car and defendant gave them consent to search her purse. Inside defendant's purse, officers found a scale with residue that tested positive for amphetamine and several small plastic baggies "consistent with packaging." Under the passenger seat of the car, the officers found a loaded .380 caliber pistol. They also found several spoons on the floorboard between the driver's and rear passenger's seats. The spoons had burn marks on them and residue that tested positive for amphetamine.

Defendant was arrested. When she was searched at the county jail, deputies found .6 grams "gross field weight" of crystal methamphetamine in her bra. Defendant was charged on September 7, 2012, with possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), carrying a concealed firearm in a vehicle (§ 25400,

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

subd. (a)(1)), and possession of a firearm by a felon (§ 29800, subd. (a)). It was further alleged that defendant was previously convicted of a serious or violent felony.

In December 2012, defendant pleaded no contest in case No. 12F6438 to the charge of possessing methamphetamine. Defendant also admitted she was previously convicted of a serious or violent felony. In exchange for her plea, the People agreed to a term of 16 months in state prison and to dismiss the remaining charges and allegations. The term would be served consecutive to any sentence imposed as a result of defendant's plea in November 2011.

Final Sentencing

On January 25, 2013, the trial court found defendant failed to testify truthfully at trial, as required by her cooperation agreement. Accordingly, the trial court sentenced defendant to an aggregate term of eight years eight months in state prison; ordered her to pay various fines and fees, along with direct restitution to her victims; and awarded her 672 days of custody credit (585 actual days and 87 conduct days).

Defendant did not obtain a certificate of probable cause.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

5

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


                                                MAURO               , J.


We concur:


               HULL             , Acting P. J.


               ROBIE            , J.